## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

| | |
|---|---|
| ADAM FRANCHI, Individually and On Behalf of All Others Similarly Situated,<br>Gloucester, New Jersey 08030<br><br>       *Plaintiff,*<br><br>     v.<br><br>TIER REIT, INC.<br>2405 York Road, Suite 201<br>Lutherville Timonium, Maryland 21093<br><br>RICHARD I. GILCHRIST<br>2405 York Road, Suite 201<br>Lutherville Timonium, Maryland 21903<br><br>SCOTT W. FORDHAM<br>2405 York Road, Suite 201<br>Lutherville Timonium, Maryland 21093<br><br>CHRISTIE KELLY<br>2405 York Road, Suite 201<br>Lutherville Timonium, Maryland 21093<br><br>R. KENT GRIFFIN, JR.<br>2405 York Road, Suite 201<br>Lutherville Timonium, Maryland 21093<br><br>DENNIS J. MARTIN<br>2405 York Road, Suite 201<br>Lutherville Timonium, Maryland 21093<br><br>GREGORY J. WHYTE<br>2405 York Road, Suite 201<br>Lutherville Timonium, Maryland 21093<br><br>COUSINS PROPERTIES INCORPORATED<br>3344 Peachtree Street NE, Suite 1800<br>Atlanta, Georgia 30326 | Case No. _____<br><br>CLASS ACTION<br><br><u>JURY TRIAL DEMANDED</u> |

MURPHY SUBSIDIARY HOLDINGS )
CORPORATION )
2405 York Road, Suite 201 )
Lutherville Timonium, Maryland 21093 )
                                                                )
                    *Defendants*. )

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

### NATURE OF THE ACTION

1.      This action stems from a proposed transaction announced on March 25, 2019 (the "Proposed Transaction"), pursuant to which TIER REIT, Inc. ("TIER" or the "Company") will be acquired by Cousins Properties Incorporated ("Parent") and Murphy Subsidiary Holdings Corporation ("Merger Sub," and collectively with Parent, "Cousins").

2.      On March 25, 2019, TIER's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Cousins.  Pursuant to the terms of the Merger Agreement, TIER stockholders will receive 2.98 shares of Parent common stock for each share of TIER common stock they own.

3.      On April 19, 2019, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission (the "SEC") in connection with the Proposed Transaction.

4.      The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading.  Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6.      This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.      Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8.      Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of TIER common stock.

9.      Defendant TIER is a Maryland corporation and maintains its principal executive offices at 5950 Sherry Lane, Suite 700, Dallas, Texas 75225.  TIER's common stock is traded on the NYSE under the ticker symbol "TIER."  TIER is a party to the Merger Agreement.

10.     Defendant Richard I. Gilchrist is Chairman of the Board of the Company.

11.     Defendant Scott W. Fordham is Chief Executive Officer and a director of the Company.

12.     Defendant Christie Kelly is a director of the Company.

13.     Defendant R. Kent Griffin, Jr. is a director of the Company.

14.     Defendant Dennis J. Martin is a director of the Company.

15.     Defendant Gregory J. Whyte is a director of the Company.

16.     The defendants identified in paragraphs 10 through 15 are collectively referred to herein as the "Individual Defendants."

17.     Defendant Parent is a Georgia corporation and a party to the Merger Agreement.

18.     Defendant Merger Sub is a Maryland corporation, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

19.     Plaintiff brings this action on his own behalf and as a class action on behalf of all holders of TIER stock (the "Class").  Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

20.     This action is properly maintainable as a class action.

21.     The Class is so numerous that joinder of all members is impracticable.  As of March 22, 2019, there were approximately 55,520,525 shares of TIER common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

22.     Questions of law and fact are common to the Class, including, among others, whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

23.     Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature.  Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

24.     The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards

of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

25.     Preliminary and final injunctive relief on behalf of the Class as a whole is entirely appropriate because defendants have acted, or refused to act, on grounds generally applicable and causing injury to the Class.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

26.     TIER is a publicly traded, self-managed real estate investment trust focused on owning quality, well-managed commercial office properties in dynamic markets throughout the United States.

27.     On March 25, 2019, TIER's Board caused the Company to enter into the Merger Agreement with Cousins.

28.     Pursuant to the terms of the Merger Agreement, TIER stockholders will receive 2.98 shares of Parent common stock for each share of TIER common stock they own.

29.     According to the press release announcing the Proposed Transaction:

Cousins Properties (NYSE: CUZ) ("Cousins") and TIER REIT, Inc. (NYSE: TIER) ("TIER") announced today that they have entered into a definitive merger agreement to combine in a 100 percent stock-for-stock transaction. The transaction will create a Class A office REIT with a combined portfolio of over 21 million square feet located across the Sun Belt. The combined company will have an equity market capitalization of approximately $5.9 billion and a total market capitalization of approximately $7.8 billion.

Under the terms of the agreement, Cousins will issue 2.98 shares of newly issued common stock in exchange for each share of TIER stock. The all-stock merger is intended to qualify as a tax-free "reorganization" for U.S. federal income tax purposes. Upon closing, Cousins and TIER stockholders will own approximately 72% and 28% of the combined company's stock, respectively. The transaction is subject to customary closing conditions, including receipt of the approval of both

Cousins and TIER stockholders. The transaction is expected to close during the third quarter of 2019. . . .

Leadership and Organization

Each of the Board of Directors of Cousins and TIER have unanimously approved the merger. Cousins' Board of Directors will be increased to eleven members upon closing, with two additions from TIER's Board of Directors, one of which will be Scott Fordham. Larry Gellerstedt, Cousins' Executive Chairman of the Board of Directors, will serve as Executive Chairman of the Board of Directors of the combined company. Colin Connolly, Cousins' President and Chief Executive Officer, and Cousins' existing senior management team will continue to lead the combined company.

Upon completion of the merger, the company will retain the Cousins name and will trade under the ticker symbol CUZ (NYSE). The combined company's headquarters will be located in Atlanta, GA. . . .

### The Registration Statement Omits Material Information

30.     Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

31.     As set forth below, the Registration Statement omits material information with respect to the Proposed Transaction.

32.     The Registration Statement omits material information regarding the Company's and Cousins' financial projections, as well as the analyses performed by the Company's financial advisor in connection with the Proposed Transaction, J.P. Morgan Securities LLC ("J.P. Morgan").

33.     With respect to the Company's financial projections, the Registration Statement fails to disclose: (i) all line items used to calculate net operating income; (ii) all line items used to calculate funds from operations; (iii) all line items used to calculate funds available for distribution; (iv) all line items used to calculate unlevered free cash flow; and (v) a reconciliation of all non-GAAP to GAAP metrics.

34.     With respect to Cousins' financial projections, the Registration Statement fails to disclose: (i) all line items used to calculate net operating income; (ii) all line items used to calculate funds from operations; (iii) all line items used to calculate funds available for distribution; (iv) all line items used to calculate unlevered free cash flow; and (v) a reconciliation of all non-GAAP to GAAP metrics.

35.     With respect to J.P. Morgan's Discounted Cash Flow Analysis, the Registration Statement fails to disclose: (i) the calculated unlevered free cash flows for TIER and Cousins used by J.P. Morgan in the analysis and all underlying line items; (ii) the range of terminal asset values of TIER and Cousins; and (iii) the individual inputs and assumptions underlying the range of discount rates from 6.60% to 7.10% for TIER and 6.50% to 7.00% for Cousins, as well as the perpetual growth rate ranging from 1.50% to 2.00%.

36.     With respect to J.P. Morgan's Public Trading Multiples Analysis, the Registration Statement fails to disclose J.P. Morgan's basis for apparently only comparing TIER and Cousins to one comparable company, Highwoods Properties, Inc. ("Highwoods"), in the analysis.  If J.P. Morgan analyzed companies in addition to Highwoods, those companies must be disclosed to shareholders as well as the multiples for the companies.

37.     The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.  Moreover, when a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

38.     The Registration Statement also fails to disclose whether the Company entered into any confidentiality agreements that contained "don't ask, don't waive" provisions that are or were preventing the counterparties from requesting waivers of standstill provisions to submit superior offers to acquire the Company.

39.     Without this information, stockholders may have the mistaken belief that, if these potentially interested parties wished to come forward with a superior offer, they are or were permitted to do so, when in fact they are or were contractually prohibited from doing so.

40.     The omission of the above-referenced material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement: (i) Background of the Merger; (ii) TIER's Reasons for the Merger; Recommendations of the TIER Board of Directors; (iii) Opinion of TIER's Financial Advisor; (iv) Cousins Unaudited Prospective Financial Information; and (v) TIER Unaudited Prospective Financial Information.

41.     The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated
Thereunder Against the Individual Defendants and TIER**

42.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

43.     The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading.  Celgene is liable as the issuer of these statements.

44.     The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

45.     The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

46.     The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

47.     The Registration Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

48.     By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

49.     Because of the false and misleading statements in the Registration Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

**Claim for Violation of Section 20(a) of the 1934 Act**
**Against the Individual Defendants and Cousins**

50.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

51.     The Individual Defendants and Cousins acted as controlling persons of TIER within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers and/or directors of TIER and participation in and/or awareness of the Company's

operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

52.     Each of the Individual Defendants and Cousins was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

53.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.     The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.     They were thus directly involved in the making of the Registration Statement.

54.     Cousins also had direct supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

55.     By virtue of the foregoing, the Individual Defendants and Cousins violated Section 20(a) of the 1934 Act.

56.     As set forth above, the Individual Defendants and Cousins had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.     By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934

Act.  As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.      Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.      In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.      Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.      Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.      Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: May 3, 2019                                      **GOLDMAN & MINTON, P.C.**

By: _____*/S/*_____
Thomas J. Minton (Bar No. 03370)
3600 Clipper Mill Road, Suite 201
Baltimore, MD 21211
(410) 783-7575
tminton@charmcitylegal.com

*Attorneys for Plaintiff*

**OF COUNSEL:**

**RIGRODSKY & LONG, P.A.**
300 Delaware Avenue, Suite 1220
Wilmington, DE 19801
(302) 295-5310

**RM LAW, P.C.**
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
(484) 324-6800